IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-553-FL

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATED |
| | ) | PROTECTIVE ORDER |
| REGIONS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COME the Plaintiff, GMAC Mortgage, LLC (herein the "**Plaintiff**"), and Defendant, Regions Bank (herein the "**Defendant**") (both the Plaintiff and the Defendant are hereinafter individually referred to as a "**Party**", and collectively referred to as the "**Parties**"), by and through their respective undersigned counsel, and for purposes of this Stipulated Protective Order hereby stipulate as follows:

WHEREAS, the Parties agree that this matter is based on Plaintiff's alleged right to recover its interest in the proceeds of a $474,600.00 check from Defendant that was issued to Plaintiff's mortgagees, Curtis and Carol Mathews (the "Mathews"), by their insurance company; that this insurance check was deposited by the Mathews into their personal bank account with Defendant; that Plaintiff alleges that it never endorsed the disputed check and never authorized anyone to endorse the check on its behalf, and that by accepting the check for deposit Defendant wrongfully converted proceeds of the check that belonged to the Plaintiff; that Defendant denies any and all wrongdoing in this matter; and that the Parties anticipate that the discovery responses and documents

produced in this matter (the "Discovery Materials") will involve confidential financial and business documents, as well as confidential materials from a previous lawsuit involving Plaintiff and the Mathews; and

**WHEREAS**, the Parties believe that certain Discovery Materials produced in this litigation may contain trade secrets or other confidential research, development, or commercial information as contemplated by Federal Rule of Civil Procedure 26(c); and

**WHEREAS**, the Parties assert that the prosecution and defense of this action will necessitate the exchange of Discovery Materials including some or all of the following, without limitation: confidential agreements with customers of the Parties, confidential customer information of the Parties, communications and documents regarding the Parties' customer(s), and communications and agreements with vendors; and

**WHEREAS**, the Parties recognize that they engage in the same industry, and that the exposure of the Discovery Materials to the public or to other members of the industry not involved in this litigation could be harmful to the Parties and/or their customer(s); and

**WHEREAS**, the Parties believe that it would serve the interests of the Parties to conduct discovery under a protective order pursuant to Rule 26(c).

**NOW THEREFORE**, the Parties respectfully submit this proposed Stipulated Protective Order ("Proposed Order" or the "Order") for entry by the Court.

## ORDER

In accordance with the stipulation of the Parties, for good cause shown and finding no adverse effect upon the public interest, the Court enters the following protective order:

1.  This Protective Order is intended to address the facts recited above as asserted by the Parties, specifically as follows:

    (a) that the prosecution and defense of this action will necessitate the exchange of Discovery Materials including, without limitation, some or all of confidential agreements with customers of the Parties, confidential

customer information of the Parties, communications and documents regarding the Parties' customer(s), and communications and agreements with vendors; and

(b) that the Parties engage in the same industry; and

(c) that the exposure of the Discovery Materials to the public or to other members of the industry not involved in this litigation could be harmful to the Parties and/or their customers.

This Protective Order is not intended to address discovery objections related to requests to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, and nor is this Protective Order intended to preclude either Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Notwithstanding any provision of this Order, any Party may seek additional protections from the Court pursuant to Rule 26(c)(1)(G) with respect to particular classes of information, including, but not limited to requests that such information not be revealed at all, or revealed only in a way other than as designated herein.

2. For purposes of this Protective Order, "Discovery Materials" means all documents, materials, items, and/or information, including depositions, deposition exhibits, responses to any discovery requests (such as, responses to interrogatories, document requests and requests for admission) and any other information or material produced pursuant to discovery obligations in this action, whether produced in hard copy, electronic form or any other format that contain or comprise confidential commercial information; confidential agreements with customers of the Parties; confidential customer information of the Parties; communications and documents regarding the Parties' customer(s); and communications and agreements with vendors produced or submitted during the course of this action either by a Party or by a nonparty to, or for, either of the Parties and appropriately designated hereunder.

3. Any Discovery Materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty as "Confidential" under the terms of this Protective Order.

4. Any material in the nature of summaries or compilations derived from Discovery Materials designated as "Confidential" shall maintain the designation at the same level as the Discovery Materials from which they are derived.

5. Discovery Material designated as "Confidential" shall be those things that may be disclosed to the Parties for the purposes of this litigation only, but which must be protected against disclosure to non-Parties. "Confidential" Discovery Materials contains non-public, proprietary, confidential, or personal information that is treated as such by the proprietor thereof and that is not otherwise publicly available or accessible, including, but not limited to: confidential commercial information; confidential agreements with customers of the Parties; confidential customer information of the Parties; communications and documents regarding the Parties customer(s); and communications and agreements with vendors; or other commercial information that requires the protections provided in Paragraph 10 of this Protective Order.

6. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Discovery Materials designated as "Confidential" that was obtained lawfully by such party independently of any proceedings in this action, or which:

    (a) was already known to such Party by lawful means prior to acquisition from, or disclosure by, the other Party in this action; or

    (b) is or becomes publicly known through no fault or act of such Party; or

    (c) is rightfully received by such Party from a third party which has authority to provide such Discovery Material without restriction as to disclosure.

7. The designation of Discovery Material as "Confidential" for purposes of

this Protective Order shall be made in the following manner by the Party or nonparty seeking protection:

(a) in the case of documents, exhibits, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" as appropriate and in a prominent location, to each page of the document containing any Confidential Discovery Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or nonparty seeking protection becomes aware of the confidential nature of the Discovery Material disclosed and sought to be protected hereunder; and

(b) In the case of briefs, memoranda, interrogatory responses, responses to requests for admission or any other written discovery response containing confidential information, these shall be designated by the Party as "Confidential" and shall not be bound together with responses not containing confidential information; and

(c) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within fifteen days after the mailing (via electronic and/or first class or overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or nonparty that testimony about to be given is deemed "Confidential." Unless so designated or agreed, any confidentiality is waived after the expiration of the fifteen day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information

5

designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

8. In the event that any person except those listed in Paragraph 10, as applicable, is present at a deposition, at a time when counsel for any party other than the producing Party intends to use a document designated as "Confidential" by any party to this action, the counsel intending to use such document shall provide the document separately to counsel for the producing Party immediately prior to the specific document being presented to the witness. Counsel for that Party shall then be afforded a reasonable opportunity to review the document to determine whether that Party desires to suspend the deposition and move for a protective order pursuant to Rule 26(c) to exclude any person except those listed in Paragraph 10, as applicable, from that portion of the deposition. Such determination shall be made during the course of the deposition and without consultation of the witness being deposed. In the event that counsel for the producing Party determines that the deposition should be suspended for the purposes set forth above, the examining attorney shall endeavor to complete all other questioning which does not raise the issue of suspension prior to the actual suspension of the deposition. The time expended by counsel for the Party making the determination whether to suspend the deposition shall not count against the time allowed for such deposition.

9. Upon the assertion by counsel for any Party or nonparty during the course of a deposition upon oral examination that a question propounded calls for the oral disclosure of "Confidential Information" information, all testimony so given shall be designated as "Confidential," as shall the portion of the transcript of the deposition concerning the information. In addition, such counsel shall be afforded a reasonable opportunity to determine whether its client desires to suspend the deposition and move

6
Case 5:12-cv-00553-FL   Document 18   Filed 12/31/12   Page 6 of 19

for a protective order pursuant to Rule 26(c) to exclude any person except those listed in Paragraphs 10, respectively, as appropriate, from that portion of the deposition. Such determination shall be made during the course of the deposition and without consultation of the witness being deposed. In the event that such counsel determines that the deposition should be suspended for the purposes set forth above, the examining attorney shall endeavor to complete all other questioning which does not raise the issue of suspension prior to the actual suspension of the deposition. The time expended by counsel in making the determination whether to suspend the deposition shall not count against the time allowed for such deposition.

      10.      Discovery Material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

      (a)      Parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the Discovery Material be shown for the purposes of this litigation;

      (b)      Parties and employees of the Parties whose assistance is needed by counsel for the purposes of this litigation;

      (c)      "consultant" as defined in Paragraph 11 herein and pursuant to the provisions of Paragraph 12 herein and subject to and conditioned upon compliance with Paragraph 13 herein;

      (d)      the Court and its officers, pursuant to Paragraph 15 herein;

      (e)      court reporters employed in connection with this action;

      (f)      graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 13 herein;

(g) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 13 herein;

(h) any fact witness educated, prepared and/or called as a witness; and

(i) any other person only upon order of the Court or upon written consent of the Party producing the confidential Discovery Material, subject to and conditioned upon compliance with Paragraph 13 herein.

11. For purposes of this Protective Order, a "consultant" shall be defined as a person who is neither an employee of a Party nor anticipated to become an employee of a Party in the near future, and who is retained or employed by a Party as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party, and his or her secretarial assistants.

12. The procedure for having a consultant approved for access to Discovery Materials designated as "Confidential" shall be as follows:

(a) The Party seeking to have a consultant approved, as defined in Paragraph 10 herein, shall provide the other Parties with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationships in the last ten years, and a copy of a completed and signed undertaking in the form attached hereto as **Exhibit A**.

(b) Within ten days after faxing or electronically transmitting the information and signed undertaking described in subparagraph (a) by the Party seeking approval, the other Parties may object to the person proposed for approval if facts available to that Party give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential" for purposes other than the preparation or trial of this case. Failure to object via fax or electronic transmittal within ten days to a person proposed shall be deemed approval, but shall not preclude a

Party from objecting to continued access of "Confidential" information by that person where facts suggesting a basis for objection are subsequently learned by the Party or its counsel.

(c) If the other Party so objects, the Parties shall, within fifteen (15) days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. Within such time the objecting Party shall inform the Party requesting approval of its reasons for objecting to the designated person. If the Parties cannot resolve the dispute, or if the conference does not take place, then, within fifteen (15) days from the date of the conference or within thirty (30) days from the date of the faxing or electronically transmitting notice of objection, the objecting Party may move the Court for an order that access to information designated "Confidential" be denied to the designated person. These time periods are not to restrict either Party from moving for a court order earlier if the circumstances so require. Failure to file a motion within these periods shall constitute waiver of the specific objection, but shall not preclude a Party from objecting to continued access of "Confidential" information where facts suggesting a basis for objection are subsequently learned by the Party or its counsel.

13. All persons listed in Paragraphs 10(b), 10(c), 10(f), 10(g) and 10(h) above may be given access to Discovery Material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as **Exhibit A**. An executed copy of **Exhibit A** shall be provided to the adverse party(ies) for each person listed in Paragraphs 10(b), 10(c), 10(f), 10(g) and 10(h) prior to that person having access to said Confidential information.

14. Any person may be examined as a witness at trial or during a deposition concerning any Discovery Material designated as "Confidential" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown Discovery Material designated as "Confidential" by a

9
Case 5:12-cv-00553-FL   Document 18   Filed 12/31/12   Page 9 of 19

Party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same Party provided that the examining Party makes a reasonable effort to obtain the witness' compliance with Paragraph 13.

15. Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other Discovery Material designated as "Confidential," when filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection.

Each time a Party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said Party must set out such findings in a proposed order to seal for the Court.

When a Party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a Party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "**Filed Under Seal Pursuant to Protective Order.**"

16. A Party may challenge the other Party's designation of Discovery Materials produced herein as "Confidential" by serving a written objection upon the producing Party. The producing Party shall notify the challenging Party in writing of the

10
Case 5:12-cv-00553-FL   Document 18   Filed 12/31/12   Page 10 of 19

bases for the asserted designation within ten (10) days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging Party has received the notice of the bases for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the objecting Party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing Party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the Discovery Materials in question as designated as "Confidential."

17. All "Confidential" information and material covered by this Protective Order shall be kept in secure locations, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 10 above as persons properly having access thereto.

(a) All counsel for the Parties shall maintain a written record of the names of the designated persons set forth in Paragraph 10 above who have access to Discovery Materials, a copy of his or her signed **Exhibit A** as set forth in Paragraph 13 and a record of the disclosed Discovery Material along with the manner in which the information or material was disclosed to each designated person.

(b) Each person with access to "Confidential" Discovery Materials, as designated by Paragraph 10, except for those persons described under 10(d), 10(e), shall be responsible for maintaining a written record of the number of copies of such Discovery Materials in his or her possession.

18. All counsel for the Parties who have access to Discovery Material designated as "Confidential" under this Protective Order acknowledge they are bound by

11

this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

19. Entering into, agreeing to, and/or producing or receiving Discovery Material designated as "Confidential," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any particular Discovery Material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "Confidential";

(c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

(h) shift any evidentiary burdens with respect to the protection or production of documents or information in this action; or

(i) prevent the Parties from contacting or obtaining testimony from witnesses identified in documents designated as "Confidential" under this Protective Order.

20. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.

21. The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "Confidential" under this Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated, consistent with the provisions above. The burden of proof regarding the level of confidentiality of any information shall at all times be on the party claiming that Discovery Material warrants a confidentiality designation.

22. If a Party inadvertently produces "Confidential" information without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party or its customer(s). As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 10 above, as well as any copies made by such persons.

23. The terms of this Protective Order shall apply to all manner and means of

discovery, including entry onto land or premises, and inspection of books, records, documents, electronically stored information, and tangible things.

24. It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

25. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

26. In the event that any Discovery Material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such Discovery Material shall not lose its status as "Confidential" through such use, provided that there is full compliance with the provisions of this Protective Order. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

27. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to this action, seeking Discovery Material which was produced or designated as "Confidential" by someone other than that Party, the Party shall give prompt actual written notice, by hand, fax or electronic transmission, within ten days of receipt of such subpoena, demand or legal process, to those who produced or designated the Discovery Material "Confidential" and shall take reasonable efforts to preserve the designating Party's right to object to its production to the extent permitted by law. Should the person seeking access to the Discovery Material take action against the Party

14
Case 5:12-cv-00553-FL   Document 18   Filed 12/31/12   Page 14 of 19

or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

28. On final termination of this action:

(a) counsel to the Parties are permitted to retain one archive copy of all attorney work product, correspondences, expert reports, transcripts, briefs, memoranda, interrogatory responses, responses to requests for admission or other written discovery responses containing Discovery Materials designated as "Confidential" pursuant to this Protective Order; and

(b) all other Discovery Materials designated as "Confidential" pursuant to this Protective Order, including all copies thereof and notes made therefrom, shall be destroyed or returned by all persons who have been provided access to such confidential information and documents, including persons retained to furnish expert services or to give expert testimony in this action, to counsel for the Party making such designation. If a Party shall destroy such Discovery Materials, they shall provide a written certification to the disclosing Party that the Discovery Materials have been destroyed; and

(c) The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

29. This Protective Order shall remain in full force and effect until modified, superseded or terminated by further Order of the Court, and shall survive the termination of this action. The entry of this Protective Order shall be without prejudice to the rights of either Party to apply for additional or different protection, or to seek to compel the

production or disclosure of additional or different information, or the rights of the Parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

30. In the event additional parties or attorneys join or are joined in this action, they shall not be given access to any Discovery Material designated "Confidential" until they have filed a written Undertaking in this proceeding agreeing to be bound by this Order.

31. If the Court determines that any Party has violated the terms of this Protective Order, it may impose such sanctions against that Party as it deems appropriate. Further, any violation of the terms of this Order, and/or any improper disclosure or use of any document, information, or Discovery Material designated as "Confidential" (including, without limitation, any information contained therein or derived therefrom), may cause irreparable harm to one or more of the Parties to this Order and may permit the Court to award any appropriate relief to a Party, including without limitation injunctive relief and/or an award of damages, costs, and/or attorneys' fees.

## **ORDER**

For good cause shown and finding no adverse effect upon the public interest, **IT IS SO ORDERED.**

Dated: 12/31/12 

_____
LOUISE W. FLANAGAN
United States District Judge

**SO STIPULATED:**

For Plaintiff GMAC Mortgage, LLC:

Date: November 27, 2012

    /s/William E. Hubbard
William E. Hubbard
*The Law Office of John T. Benjamin, Jr., P.A.*
N.C. State Bar No.: 23605
1115 Hillsborough Street
Raleigh, NC  27603
Telephone: (919) 755-0060
Facsimile: (919) 755-0069
Email:hubbard@lawjtb.com

For Defendant Regions Bank:

Dated: November 27, 2012    /s/ Pressly M. Millen
Pressly M. Millen, NCSB No. 16178
Womble Carlyle Sandridge & Rice, PLLC
*A Professional Limited Liability Company*
150 Fayetteville Street, Suite 2100
Post Office Box 831
Raleigh, North Carolina 27602
Telephone: (919) 755-2100
Facsimile: (919) 755-6067
Email: pmillen@wcsr.com

# EXHIBIT A

```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
             WESTERN DIVISION

             NO. 5:12-CV-553-FL

GMAC MORTGAGE, LLC,         )
                            )
                            )
Plaintiff,                  )
                            )         UNDERTAKING
        v.                  )
                            )
REGIONS BANK,               )
                            )
                            )
Defendant.                  )
```

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in this action, understand its terms, and agree to be bound by them and I hereby submit to the jurisdiction of the United States District Court of the Eastern District of North Carolina to enforce them. I acknowledge that I will treat any Confidential Discovery Materials I receive in this action strictly accordingly to the terms of the Protective Order, and that I understand that any unauthorized use of the Confidential Discovery Materials I may receive constitutes contempt of court. I further understand that the Party producing or designating the Confidential Discovery Materials or with an interest in any Confidential Discovery Materials may notify the Court of any violation of this Undertaking.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____        _____

                                                                      Signature

Name: _____

Title: _____

Employer: _____

Address: _____

                _____

                _____

Phone: _____

Fax: _____

Email: _____@_____